# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 11-20136-01-KHV |
| DAMIAN L. BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's sentencing objection to his status as a career offender under Section 4B1.1 of the Sentencing Guidelines, U.S.S.G. § 4B1.1. In particular, defendant argues that his prior conviction for fleeing and eluding under K.S.A. § 21-6804 is not a felony because based on his recidivist record, he could not have been incarcerated for more than seven months. Defendant recognizes that the Tenth Circuit has addressed this issue and reached a contrary conclusion in United States v. Hill, 539 F.3d 1213 (10th Cir. 2008).[1] Defendant argues that Hill is no longer good law in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010).[2] Indeed, two circuits have held that in light of Carachuri-Rosendo, hypothetical aggravating factors cannot be considered when determining a defendant's maximum punishment for a prior offense. See United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (prior conviction under North Carolina law not

---

[1] In Hill, the Tenth Circuit evaluated whether defendant's prior conviction qualified as a felony for purposes of the felon-in-possession statute, 18 U.S.C. § 922(g)(1). The Tenth Circuit held that even though defendant faced a maximum sentence of 11 months in prison based on the severity level of his crime and his criminal history, the maximum statutory penalty for the offense was a term of imprisonment in excess of one year. 539 F.3d at 1221. In doing so, the Tenth Circuit focused on the maximum statutory penalty for the offense, not the prescribed maximum penalty that the individual defendant actually faced. Id.

[2] In Carachuri-Rosendo, the Supreme Court evaluated whether defendant's prior conviction qualified as a felony for purposes of an immigration statute, 8 U.S.C. § 1229b(a).

felony for purposes of enhanced statutory minimum under 21 U.S.C. § 841(b)(1)); United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011) (prior conviction under Kansas law not felony for purposes of enhanced statutory minimum under 21 U.S.C. § 841(b)(1)).

Unless intervening Supreme Court authority is clearly irreconcilable with prior circuit court authority, a district court is bound to follow circuit precedent. Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); see Thompson v. Weyerhaeuser Co., 582 F.3d 1125 (10th Cir. 2009) (until prior circuit decision overruled by Supreme Court or by en banc court, holding is law of circuit regardless of what might have happened had other arguments been made to panel that decided issue first) (citing Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir. 2000)); see also Weitz v. Lovelace Health Sys., 214 F.3d 1175, 1180 (10th Cir. 2000) (in case of intervening Supreme Court ruling, single circuit panel permitted to reconsider prior circuit decision to extent new case law invalidates previous analysis). Defendant argues that Carachuri-Rosendo is clearly irreconcilable with Hill. While the Tenth Circuit may eventually overrule Hill based on Carachuri-Rosendo, the latter on its face is not "clearly irreconcilable" with Hill. The opinions of the five dissenters in Simmons and the one dissenter in Haltiwanger illustrate that point. The Court therefore overrules defendant's objection to his status as a career offender based on the use of his prior conviction for fleeing and eluding under K.S.A. § 21-6804.

**Sentencing is set for June 17, 2013 at 2:30 p.m.**

**IT IS SO ORDERED**.

Dated this 5th day of June, 2013 at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  Kathryn H. Vratil
                                                  United States District Judge